### BERRY v. FLEMING.

(Supreme Court, Appellate Division, Second Department. October 9, 1903.)

1. TRESPASS—ADJOINING OWNERS—RAISING GRADE.
        Where plaintiff's fence is built an inch within his line, defendant, the adjoining owner, may not, in raising the grade of his lot, pile dirt on such inch of land.

Appeal from Special Term, Orange County.

Action by William H. Berry against Jane Fleming. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Henry Hirschberg, for appellant.
A. H. F. Seeger, for respondent

PER CURIAM. As we understand the facts of this case, the fence upon the rear of the plaintiff's lot is not built right up to the defendant's line, but stands a quarter of an inch within that line. The defendant, in raising the grade of her lot, has thrown dirt against the fence, and caused it to fall down in some places. In doing this, the defendant has unlawfully occupied a portion of the plaintiff's land.

It may be that the defendant's right to raise the grade of her lot is unquestionable, but she has no authority, in doing this, to occupy any part of the plaintiff's property, or to interfere with the maintenance of the fence thereon. In raising the grade, if she chooses to do so, the defendant is bound to keep the earth wholly off the plaintiff's property. The principle is the same as to the occupation of a quarter of an inch as it would be if the defendant undertook to occupy 10 feet in order to raise the grade of her lot. It seems to us that upon these facts the plaintiff was clearly entitled to relief against the attempted perpetual occupation of a portion of his property to subserve the interests of the defendant. It follows that the judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the final award of costs.